**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONNIE GENERAL** | : | **Civil Action No.** |
| **500 East 19th Street** | : | |
| **Chester, PA 19013** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **Complaint and Jury Demand** |
| | : | |
| **FIVE BELOW, INC.,** | : | |
| **701 Market Street** | : | |
| **Philadelphia, PA 19106** | : | |
| | : | |
| **1818 Market Street, Suite 2000** | : | |
| **Philadelphia, PA 19103** | : | |
|     **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Lonnie General (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Five Below, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Five Below, Inc. is a chain of retail stores with a location at 701 Market Street, Philadelphia, PA 19106 and a corporate headquarters located at 1818

Market Street, Suite 2000, Philadelphia, PA 19103.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA, and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-02251 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 3, 2021.  Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In December 2019, Defendant hired Plaintiff in the position of Asset Protection Associate.

21. Plaintiff was well qualified for his position and performed well.

22. Plaintiff has an easily recognizable disability of missing part of his left arm.

23. Shortly after Plaintiff's hire, Plaintiff's coworkers began to make derisive and mocking comments regarding his disability to and around him.

24. These comments were made several times per month.

25. Defendant's management was aware of these discriminatory comments, but took no action.

26. One on such instance, in or around the summer of 2020, a Manager in training made a discriminatory comment about Plaintiff's disability.

27. Plaintiff immediately reported the discriminatory comment to Alicia LNU, Sales Associate and Support Lead/Keyholder, in person.

28. However, Alicia responded, "You're not sensitive about that are you?"

29. Plaintiff felt Alecia's response was inappropriate and dismissive of his complaint.

30. On November 13, 2020, there was a shoplifting incident.

31. As a result, Dina Ravel, Regional Manager, wanted Plaintiff to pull down the metal gate.

32. Plaintiff attempted to pull the gate down, but was unable to due to his disability.

33. While Plaintiff was trying to pull the gate down, Ms. Ravel stated to him, "You need two (2) arms to be able to do that."

34. This comment was directly related to Plaintiff's disability.

35. Plaintiff was shocked and appalled by Ms. Ravel's comment.

36. Crystal LNU, Store Manager, and Nick LNU, Asset Protection Associate, proceeded to come over and pull the gate down.

37. Once they pulled the gate down, Ms. Ravel looked at Plaintiff and said, "I told you, you couldn't do it because you needed two (2) arms."

38. Plaintiff was in disbelief of Ms. Ravel's comment and immediately walked away from her.

39. Plaintiff proceeded to call Crystal and report Ms. Ravel's discriminatory comments. Crystal stated to Plaintiff that she would speak with Ms. Ravel about his complaint.

40. After speaking to Crystal, Plaintiff then called Ryan Torres, Asset Protection Manager, and informed him that he was resigning due to Ms. Ravel's discriminatory comments.

41. Mr. Torres instructed Plaintiff to speak with Human Resources before he terminated his employment with Defendant.

42. Plaintiff followed Mr. Torres' instructions and contacted Human Resources regarding Dina's discriminatory comments.

43. On November 16, 2020, Plaintiff spoke with Julz Lawrence, Field Human Resources Manager, regarding Ms. Ravel's discriminatory comments.

44. Human Resources offered to transfer Plaintiff to a different region.

45. However, the region selected was in Northeast Philadelphia and would have added an additional hour to Plaintiff's commute each way.

46. Plaintiff informed the Human Resources Representative that he could not accept this transfer due to the drastic increase in his commute and that it felt like a punishment for his complaints of disability discrimination.

47. Upon information and belief, Defendant could have transferred Plaintiff to locations that were substantially closer to his home, including, but not limited to, two (2) locations in Springfield, PA and a location in Glen Mills, PA.

48. The following day on November 17, 2020, Plaintiff submitted his resignation to Human Resources. Plaintiff was constructively discharged.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

51. Plaintiff was qualified to perform the job.

52. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

53. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

54. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

55. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

56. The purported reason for Defendant's decision is pretextual.

57. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

61. Plaintiff was qualified to perform the job.

62. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

63. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

64. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

65. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

66. The purported reason for Defendant's decision is pretextual.

67. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

68. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Lonnie General, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 3, 2021        **By:**   */s/ David M. Koller*
                              David M. Koller, Esquire (90119)
                              2043 Locust Street, Suite 1B
                              Philadelphia, PA 19103
                              215-545-8917
                              davidk@kollerlawfirm.com

                              *Counsel for Plaintiff*